UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.

PAUL FAZIO,

Plaintiff,

vs.

RECEIVABLES MANAGEMENT PARTNERS, LLC

dba RMP, LLC,

Defendant.

______________________________________/

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Paul Fazio ("Plaintiff") sues Receivables Management Partners, LLC dba RMP, LLC ("Defendant") and alleges as follows:

**NATURE OF ACTION**

1. This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.
3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this District, where Plaintiff resides in this State and this

District, and where Defendant transacts business in this State and this District.

**PARTIES**

4. Plaintiff is a natural person who at all relevant times resided in the State of Florida, County of Pasco.

5. At all relevant times, Plaintiff was allegedly obligated to pay a debt owed to the original creditor, Solventum Advanced Wound Care (the "Alleged Debt").

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

7. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction or transactions in which the money, property, insurance, and/or services that are the subject of the transaction(s) were incurred primarily for personal, family or household purposes, namely association assessments, and thus is a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

8. Defendant is a Delaware limited liability company, registered as a foreign limited liability company with the State of Florida, with principal offices situated in Indiana. Defendant may be served through its registered agent, Corporation Service Company.

9. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, by another.

10. Defendant is a “debt collector” as defined by the FDCPA.

## FACTUAL ALLEGATIONS

11. On or about October 28, 2025, Defendant sent, or caused to be sent, a written communication to Plaintiff, referencing an alleged debt to Solventum Advanced Wound Care. A true and correct copy of the October 28, 2025 communication is attached hereto as Exhibit A (“October 28, 2025 Letter”).

12. The October 28, 2025 Letter stated that Plaintiff owed $109.80.

13. Plaintiff had already paid the $109.80 sum on or about October 6, 2025. Plaintiff did not owe another $109.80.

14. On October 28, 2025, Plaintiff called Defendant. Plaintiff advised Defendant’s agent, who was working within the scope of his/her employment, that Plaintiff had paid the $109.80 sum on or about October 6, 2025. Plaintiff told Defendant to stop calling him regarding the Alleged Debt.

15. Defendant’s agent acknowledged that Plaintiff had paid the sum and that the Alleged Debt was no longer owed. The agent told Plaintiff the original reference number (06-94173450) was closed out and a new reference number (06-94432012) was created right around the time the payment was made and that it would be refunded and credited to the new statement. No refund or credit has ever happened.

16. After October 28, 2025, Defendant called Plaintiff a number of times in an attempt to collect the Alleged Debt, which had already been paid. Defendant left messages for Plaintiff on a number of occasions.

17. On December 19, 2025, Plaintiff called Defendant to again advise that Plaintiff did not owe the Alleged Debt, that he had already paid it. Defendant's agent, who was working within the scope of his/her employment, again acknowledged that the sum had been paid. Plaintiff told Defendant to stop calling him regarding the Alleged Debt.

18. After the December 19, 2025 call, Defendant continued to call Plaintiff through at least January 2026 in an attempt to collect the Alleged Debt, which Plaintiff did not owe.

19. The telephone calls from Defendant often came in pairs, back-to-back, while Plaintiff was at work.

20. Plaintiff has retained the undersigned counsel to represent him in this action and is obligated to pay said counsel a reasonable attorney's fee.

21. All conditions precedent to this action have occurred or been waived.

**Count One (FDCPA)**

22. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 – 21.

23. 15 U.S.C. §1692e (2025) provides, in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> …
> (2)The false representation of—
> (A)the character, amount, or legal status of any debt[.]

24. 15 U.S. Code § 1692d (2025) provides, in pertinent part:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> …
> (5)Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

25. Defendant used a false, deceptive, and misleading representation in connection with the collection of a debt when Defendant sent the October 28, 2025 Letter, stating that Plaintiff owed $109.80 to Solventum Advanced Wound Care, when Plaintiff owed nothing.

26. Defendant used a false, deceptive, and misleading representation in connection with the collection of a debt when Defendant called Plaintiff in an attempt to collect the Alleged debt, which Plaintiff did not owe.

27. Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff when Defendant called Plaintiff repeatedly in an attempt to collect a debt Plaintiff did not owe, even after Plaintiff had advised Defendant Plaintiff did not owe it and told Defendant to stop calling.

28. Plaintiff has been damaged by Defendant's actions.

29. Plaintiff is entitled to statutory damages in the amount of $1,000.00 for Defendant's violation of the FDCPA.

30. Plaintiff is entitled to his reasonable attorney's fees and costs, should he prevail in this action, pursuant to 15 U.S.C. § 1692k(a)(3).

Wherefore Plaintiff demands a judgment in his favor, statutory damages, attorney's fees, and costs, and such other relief as is just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Oct. 27, 2026

*/s/ Janelle A. Weber*
Janelle A. Weber,
Florida Bar No. 017630
MANTA LAW
4039 Gunn Hwy
Tampa, FL 33618
Primary Email:
jweber@mantalaw.com
Secondary Email:
janelle.weber@outlook.com
Tel. (813) 982-3363
*Attorney for Plaintiff*